# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BEVERLY BROWN, | ) |
| Plaintiff, | ) |
| | ) Case No. 09-cv-5393 |
| v. | ) |
| | ) Judge Robert M. Dow, Jr. |
| PATELCO CREDIT UNION, et al., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court are (1) Plaintiff's motion [52] asking the Court to vacate its June 24, 2010 order and (2) Plaintiff's motion [49] requesting that the Court approve attorneys' fees and issue an order identifying the share of fees due to Plaintiff's attorney from Defendants Defendant Continental Recovery and Towing ("Continental"), Patelco Credit Union ("Patelco"), and Ron Wainscott ("Wainscott"). For the reasons set forth below, Plaintiff's motion to vacate [52] is denied as moot, and Plaintiff's motion for attorneys' fees [49] is taken under advisement pending Defendants' filing of objections, if any, according to the briefing schedule set forth below.

As explained below, the Court's June 24, 2010 order [45] did not meet the requirements of Rule 54(b), and therefore was not (and is not) a final order as to any claims against any party. Nor, according to the docket sheet, has the Clerk entered judgment following the acceptance by Plaintiff of Rule 68 offers of judgment from all Defendants. Accordingly, because all claims against all parties have been resolved, the Court will now enter a final judgment in a separate document pursuant to Federal Rules of Civil Procedure 58 and 68. Neither the June 24 Order nor today's judgment order affect the Court's continuing jurisdiction over the collateral matters raised in Plaintiff's motion for attorneys' fees [49].

**I.    Background**

Plaintiff initiated this action by filing a complaint against Defendants Continental, Patelco, and Wainscott alleging violations of the Fair Debt Collections Practices Act and state statutes (as to Continental) as well as defamation (as to Continental, Patelco, and Wainscott) and negligence (as to Patelco).  On April 21, 2010, Continental made an offer of judgment for Plaintiff in the amount of $4,505 "plus reasonable attorneys' fees and costs accrued to date in an amount to be determined by the Court."  [See 55-1, at 1.]  Plaintiff accepted the offer on April 29, 2010.  [See 40.]  Continental then filed a motion [41] requesting entry of judgment *nunc pro tunc* to April 29, 2010, under Federal Rule of Civil Procedure 54(b).  With its motion, Continental submitted a proposed order stating that:  "(1) Judgment is entered in favor of Plaintiff and against Defendant Continental Recovery & Towing, Inc. in the amount of $4,505.00, nunc pro tunc to 4/29/2010.  (2) Defendant Continental Recovery & Towing, Inc. having obtained the release and having satisfied the judgment is hereby dismissed from this action with prejudice."  [See 41-2.]  On June 24, 2010, after confirming with the parties that the motion was unopposed, the Court signed the proposed order.  [See 43, 44, 45.]

About a month later, on July 22, 2010, Plaintiff accepted an offer of judgment in the amount of $2,500, including costs, from the remaining Defendants, Patelco and Wainscott.  [46.]  The Court has not entered any judgment against Patelco or Wainscott to date.

In the months following the Court's entry of judgment against Continental and Plaintiff's acceptance of the offer of judgment from the remaining Defendants, the parties failed to reach an agreement regarding the amount of the attorneys' fees referenced in Continental's offer of judgment.  On August 31, Plaintiff's counsel mailed to all Defendants an itemized list of attorneys' fees and costs.  On September 2, Continental responded to Plaintiff with a letter

stating that it had been dismissed from the case and that Plaintiff's request for fees was untimely. Twelve days later, Plaintiff filed the instant fee motion against all Defendants [49] and a motion to vacate the Court's June 24, 2010 order [52].

## II. Analysis

Plaintiff's motion to vacate [52] asserts that the Court's June 24 order dismissing the claims against Continental with prejudice was improper under Rule 54(b) and therefore was not final. Plaintiff specifically contends that the Court did not determine that there was no just reason for delay, as required by Rule 54(b). As such, Plaintiff contends that the judgment was not final and remains subject to revision by the Court until the time that it adjudicates all pending claims against all Defendants and enters a proper final judgment. Plaintiff submits that vacating the previous order will not prejudice any of the Defendants as it will not affect their rights or liabilities. Plaintiff's other motion [49] requests that the Court approve attorneys' fees and issue an order identifying the share of fees due to Plaintiff's attorney from each Defendant.

In its response [55], Continental argues that Plaintiff's motion to vacate must be denied for several reasons. First, Continental argues that because the June 24 order dismissed the action as to Continental with prejudice, the Court no longer retains subject matter jurisdiction over any matters concerning Continental. Second, Continental argues that Plaintiff's motion is procedurally improper because it was styled as a Rule 54(b) motion rather than as a motion to alter or amend the judgment under Rule 59(e) or to vacate the judgment under Rule 60(b). Third, Continental argues that Plaintiff waived any issue concerning payment of attorneys' fees and costs when Plaintiff failed to object to the entry of the June 24 order or address any issue concerning payment of attorneys' fees in her response to Continental's motion to dismiss. Finally, Continental argues that should the Court determine that it has jurisdiction, the Court

should grant Continental leave to enforce the lien provision of the release that Plaintiff signed on May 13, 2010. [See 55, at 6.]

With respect to Plaintiff's fee motion [49], Continental likewise asserts that the Court lacks jurisdiction because the Court dismissed the claims against Continental with prejudice. In addition, Continental posits that Plaintiff's motion is untimely, as Rule 54(d)(2) provides that a fee motion must be filed no later than 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2).

As explained below, there are two fatal flaws in Continental's argument. First, although a dismissal with prejudice may be a final and appealable judgment that divests the district court of jurisdiction over the merits of a dispute, it is well settled that "jurisdiction may continue as to certain collateral matters such as attorney's fees." *Krull v. Celotex Corp.*, 827 F.2d 80, 82 (7th Cir. 1987). Second, the order purporting to dismiss the claims against Continental with prejudice was neither a proper Rule 54(b) judgment nor a Rule 68 judgment, and thus was not a final and appealable judgment in any event. The Court will provide a more extended discussion of both of these points, in reverse order, below.

### A. Motion to Vacate

In general, when a defendant makes an offer of judgment and a plaintiff accepts, such that all claims relating to all parties are resolved, the Court must enter judgment according to the accepted offer pursuant to Rule 68(a). See Fed. R. Civ. P. 68(a); *Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998). "Because of this mandatory directive, the district court has no discretion to alter or modify the parties' agreement. 'Entry of a Rule 68 judgment is ministerial rather than discretionary.'" *Webb*, 147 F.3d at 621 (quoting *Mallory v. Eyrich*, 922 F.2d 1273, 1277 (6th Cir. 1991)). Rule 68 thus functions to provide an incentive to settlement, discourage protracted

4

litigation, and ensure finality of an accepted judgment. *Id.* at 620. The expediency of a Rule 68(a) offer of judgment is complicated, however, where, as here, there are multiple defendants, only one of whom (at least initially) makes an offer of judgment. Although the Court was unable to locate any authority directly on point, the most analogous case provides that a court may "enter a judgment pursuant to Rule 68 that involves less than all of the claims or parties." *Acceptance Indemnity Ins. Co. v. Southeastern Forge, Inc.*, 209 F.R.D. 697, 700 (M.D. Ga. 2002). However, that offer of judgment would then be construed as a Rule 54(b) judgment. *Id.*

Under Rule 54(b), a court may enter a final, appealable judgment on fewer than all claims in a case only if (1) the action involves separate claims for relief, (2) there is a final decision as to at least one of those claims, and (3) the court explicitly and "specifically determines that there is no just reason for delay" of the judgment. See *Martin v. Consultants & Adm'rs, Inc.*, 966 F.2d 1078, 1083 (7th Cir. 1992). Rule 54(b) was adopted to prevent injustice as a result of delaying judgment of a distinctly separate claim in order to await final judgment on all other claims. See Fed. R. Civ. P. 54(b) Advisory Committee note to 1946 amendment. However, given that federal courts generally disfavor piecemeal appeals (*id.*), the Seventh Circuit stringently applies the Rule's requirement that a court "specifically determine[] that there is no just reason for delay." Fed. R. Civ. P. 54(b); see *Granack v. Continental Casualty Co.*, 977 F.2d 1143, 1145 (7th Cir. 1992) (holding that an express determination that there is no just reason for delay cannot be implicitly incorporated into an order because "[b]y definition, an express determination cannot be made implicitly"); *Glidden v. Chromalloy*, 808 F.2d 621, 623-24 (7th Cir. 1986) (noting that a Rule 54(b) judgment "multiplies the number of appeals in a single case, and it therefore should be used only in an exceptional situation," and holding that a judgment that "does not contain the necessary determination" that there is no just cause for delay is not

5

final); *Johnson v. Levy Organization Dev. Co.*, 789 F.2d 601, 607 (7th Cir. 1986) (holding that an order was not appealable where district court did not expressly state on the record that there was no just reason for delay).[1]

"Construing Rule 68 and Rule 54(b) together," a court may enter judgment following an accepted Rule 68 offer of judgment as to some but not all parties; however, in order "for the judgment to be *final* as to the parties to the offer of judgment, it would appear that the Court would have to determine pursuant to Rule 54(b) that there is no just reason for delay' and make 'an express direction for the entry of judgment." *Acceptance Indemnity*, 209 F.R.D. at 700 (emphasis original) (internal quotation marks omitted); accord *Coleman v. McLaren*, 92 F.R.D. 754, 756-57 (N.D. Ill. 1981) (finding that Rule 68 judgment for plaintiff severed plaintiff from all effects of lawsuit, expressly determining that there was no just cause for delay, and directing judgment to be entered in favor of plaintiff under Rule 54(b)).

Here, because Continental's Rule 68 offer of judgment resolved only those claims that concerned Continental and left intact Plaintiff's claims that concerned Patelco and Wainscott, Rule 54(b) would have been the appropriate mechanism by which to enter final judgment. However, the proposed (and unopposed) judgment order that Continental submitted to the Court pursuant to the accepted offer did not state expressly that there was no just reason for delay, and so the final order that the Court entered on June 24 order did not include such a statement. Moreover, in contrast to the circumstances in *Alexander*, the Court did not give the parties any

---

[1] In an outlier case, *Alexander v. Chicago Park District*, the Seventh Circuit held that a district court need not comply strictly with the technical requirements of Rule 54(b) *if* neither party is prejudiced by the lack of formal compliance. 773 F.2d 850, 855 (7th Cir. 1985). In *Alexander*, the district judge informed the parties specifically that he sought guidance from an appellate decision and that "an appeal would be in the interest of the public, the court and the plaintiffs." *Id.* In view of those facts, the Seventh Circuit concluded that the parties had unambiguous notice of the judgment's finality and appealability, and that the district court's omission of an explicit statement that there was no just reason for delay did not disturb that finality. *Id.*

sort of explicit indication that the judgment was final and appealable. See *Alexander*, 773 F.2d at 855. Finally, the Court cannot find that Continental would be unfairly prejudiced by a revision of the June 24 order; because Continental drafted the proposed Rule 54(b) order, it cannot feel aggrieved by the consequences of the omission of the critical "no just reason" language.

In sum, the June 24 order was not a proper final judgment order. Thus it had (and has) no effect in regard to the finality of this matter or the time for an appeal to be taken, but rather remains subject to revision "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Because no proper Rule 54(b) judgment ever was entered, Plaintiff's motion to vacate the "Rule 54(b)" order [52] is moot. However, to avoid any confusion on the docket sheet from the existence of an ineffectual judgment order, the Court on its own motion vacates the June 24 orders [43, 44, 45]. Moreover, since the June 24 order was entered, Plaintiff's claims against the remaining Defendants – Patelco and Wainscott – have been resolved as a result of the acceptance of a Rule 68 offer of judgment. Accordingly, the Court will enter a separate judgment order as to all claims and all parties in this lawsuit, pursuant to Rules 54(b) and 68.

### B. Motion for Attorneys' Fees

With the resolution of the issues surrounding the entry of judgment in this case, the Court now turns to the issues related to Plaintiff's claim to attorneys' fees. As an initial matter, issues relating to attorneys' fees and costs are collateral to the merits, and thus may be decided after the entry of a final judgment on the merits. See *Alonzi v. Budget Constr. Co.*, 55 F.3d 331, 332 (7th Cir. 1995) (explaining that an award of attorneys' fees "is collateral to the judgment and therefore does not affect the judgment's appealability"); *In re Stoecker*, 5 F.3d 1022, 1026 (7th Cir. 1993) (holding that "[t]he determination of attorney's fees is a collateral matter which, even

7

when as in this case they are claimed by virtue of contract rather than statute, does not affect the appealability of the underlying claim"). Thus, even assuming, *arguendo*, that the June 24 order had been properly entered as a Rule 54(b) judgment, the order would not have divested the Court of jurisdiction to consider Plaintiffs' fee motion. See *Krull*, 827 F.2d at 82. In view of the fact that no proper Rule 54 judgment was ever entered in this case, Plaintiff cannot be held to account for failing to file a fee motion within 14 days of the June 24 order as prescribed by Rule 54(d)(2). However, the question remains as to whether Plaintiff's fee motion is timely irrespective of the finality of the June 24 order.

Under Local Rule 54.3(b), Plaintiff has 91 days from the entry of a judgment or settlement agreement to file the fee motion. N.D. Ill. R. 54.3(b). However, a court has discretion to extend the time limits for a fee motion. See *Southworth v. Board of Regents of Univ. of Wisconsin Syst.*, 276 F.3d 757, 766 (7th Cir. 2004) (finding that the district court did not abuse its discretion in waiving the fee motion filing deadline set by local rules where the opposing party was not prejudiced or burdened by the later filed motion); *Smith v. Village of Maywood*, 970 F.2d 397, 399-400 (7th Cir. 1992) (emphasizing, in a fee petition analysis under former Local Rule 46, "the need for flexibility and good sense in interpreting time limits on attorney's fee petitions" and applying the rule that a fee motion is timely so long as filed within 90 days of when the "legal work is done" rather than 90 days of entry of judgment); *Max M. v. New Trier High School District No. 203*, 859 F.2d 1297, 1300 (7th Cir. 1988) (holding that "it is within the discretion of a district court to * * adapt[] [local rules] to unforeseen circumstances * * * and [to] decid[e] when the rules should break rather than bend").

Here, an extension of time is justified. Plaintiff accepted Continental's offer of judgment on April 29 and submitted an itemized list of costs and attorneys' fees to Continental on May 24.

8

Plaintiff did not file the fee motion until September 14 – 138 days after accepting the offer of judgment and 82 days after the entry of the June 24 "judgment" order. However, the Court determines that the circumstances of this case provide good cause for the Court, in the exercise of its discretion, not to enforce the Local Rule 54.3 time bar. See *Schlacher v. Law Offices of Phillip J. Rotche & Associates, P.C.*, 574 F.3d 852, 859 (7th Cir. 2009) (holding that a district court's decision not to enforce L.R. 54.3 was a proper exercise of discretion where it was "neither irrational nor unreasonable"); *Pivot Point Int'l v. Charlene Products, Inc.*, 372 F.3d 913, 918 (7th Cir. 2004) (acknowledging that district court had discretion to extend the time to file a fee motion and chose not to do so). Indeed, it would be inequitable not to extend the time in view of the following: (1) Continental's offer of judgment expressly included a provision that Continental would pay "reasonable attorney's fees"; (2) Plaintiff's counsel transmitted his time log to Continental within a month of the acceptance of the offer of judgment (thus providing notice of the amounts claimed); (3) Continental proposed the ineffectual judgment order; and (4) Continental then erroneously attempted to use that order as a jurisdictional shield against honoring its obligations under the settlement agreement.

Finally, the Court finds Continental's argument as to the lien provision of the release unpersuasive. The release provided in pertinent part that:

> [Plaintiff] acknowledge[s] and agree[s] that any liens or other rights of recovery that may or could exist against the settlement recovery and payment described herein, including, but not limited to any attorney's lien, or any other lien, are to be satisfied out of the payment made hereunder, and [Plaintiff] will indemnify and hold harmless the Defendant and its attorney and/or insurer(s) from the payment and satisfaction of any such liens or other rights of recovery and will defend and indemnify the Defendant and its attorneys and insurers in the event any litigation results from adjudication of any such liens or other rights of recovery.

[See 55, at 3-4.] The release thus states that any liens against the settlement recovery and payment or proceeds thereof must be paid by Plaintiff. Here, however, Plaintiff merely seeks to

enforce the terms of the offer that Continental made to Plaintiff. The inclusion of "reasonable attorneys' fees and costs accrued to date in an amount to be determined by the Court" [55-1, at 1] is plain in Continental's offer. Continental remains bound by the terms of its settlement agreement with Plaintiff.

Plaintiff's motion [49] seeks attorneys' fees from Defendants Patelco and Wainscott as well as from Continental. Unlike Continental, however, Patelco and Wainscott's offer of judgment – which Plaintiff accepted on July 26 – unambiguously stated that the amount offered ($2,500) *included* all costs accrued. Plaintiff does not contest that the offer of judgment included attorneys' fees. But she argues that she has incurred additional attorneys' fees as a result of Patelco's and Wainscott's failure to remit a settlement draft fulfilling their obligation under the offer. Plaintiff requests that, as a matter of equity, the Court should not require Plaintiff to bear the costs of Defendants' delay.

In response, Patelco and Wainscott, relying on *Marek v. Chesny*, 473 U.S. 1, 9 (1985), argue that Plaintiff is not entitled to recover attorneys' fees because Plaintiff asserted only non-statutory, common law tort claims against them. Absent a statutory provision providing for attorney-fee shifting in favor of a prevailing party and defining attorneys' fees as a "cost," the prevailing party may only recover attorneys' fees if the parties' underlying contract so provided. See *Marek v.* Chesny, 473 U.S. 1, 9 (1985); *Phillips v. Bartoo*, 161 F.R.D. 352, 354 (N.D. Ill. 1995) (holding that "costs" under Rule 68 generally do not include attorneys' fees).

Here, the offer of judgment made by Patelco and Wainscott and accepted by Plaintiff did not explicitly state that attorneys' fees were among the costs included in the offer of judgment. And no statute provides for an award of attorneys' fees for the common law claims that Plaintiff asserted against Patelco and Wainscott. Thus, the offer of judgment that Plaintiff accepted

speaks for itself, and Plaintiff is not entitled to recover any additional pre- or post-offer attorneys' fees from Patelco and Wainscott. For these reasons, the Court denies Plaintiff's fee motion [49] as it pertains to Patelco and Wainscott.

### III. Conclusion

For the reasons stated above, Plaintiff's fee motion [49] is taken under advisement as to Defendant Continental and denied as to Defendants Patelco and Wainscott. Given the modest amount of fees sought by Plaintiff, the Court concludes that utilizing the detailed mechanism for resolving fee motions under Local Rule 54.3 would be excessive. Instead, Defendant Continental is given until 1/21/2011 to file any written objections to the fees claimed by Plaintiff; Plaintiff is given until 2/1/2011 to file a reply in support of her fee motion if she so desires. Plaintiff's "Rule 54" motion to vacate the June 24 order [52] is denied as moot. However, to avoid any confusion on the docket sheet, the Court on its own motion vacates the June 24 orders [43, 44, 45]. The Court will enter final judgment as to all claims against all Defendants – Continental, Patelco, and Wainscott – in a separate order pursuant to Federal Rule of Civil Procedure 68.

Dated: December 28, 2010  _____
Robert M. Dow, Jr.
United States District Judge